UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RANDI ZEVON,

    Plaintiff,

v.                                                        Case No. 6:19-cv-1937-Orl-37DCI

BALANCED HEALTHCARE
RECEIVABLES, LLC,

    Defendant.
_____

## ORDER

Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 21 ("**Motion**").) Plaintiff opposes. (Doc. 22.) On review, the Motion is due to be granted in part and denied in part.

### I.    BACKGROUND

This action began with a letter Defendant sent to Plaintiff to collect on a debt Plaintiff allegedly owed to Winter Park Memorial Hospital. (Doc. 1-1 ("**Letter**"); Doc. 1 ¶ 20.) Plaintiff alleges the Letter violated the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. § 1692 *et seq.* (*See* Doc. 1.) The Letter directs Plaintiff to mail her "remittance or correspondence" to the "below address," but there are two addresses below this instruction and a third address in the top right corner of the Letter with Defendant's name directly above it. (Doc. 1-1.) Plaintiff alleges it was a false and deceptive practice for Defendant to obscure which address to send written disputes and payments to, in

1

violation of the FDCPA. (Doc. 1, ¶¶ 28–105; *see also* Doc. 22, p. 5.) Plaintiff also alleges the format of the Letter violates the FDCPA by diverting attention away from the validation notice, a required recitation of Plaintiff's rights. (Doc. 1, ¶¶ 106–55); *see also* 15 U.S.C. § 1692g(a). Plaintiff contends the validation notice is buried, using the same font as the rest of the Letter, except for the bolded "PAY THIS AMOUNT" and "This communication is from a debt collector." (Doc. 1, ¶¶ 119–23.) Defendant argues Plaintiff has failed to state a claim. (Doc. 21.) With Plaintiff's response (Doc. 22), the matter is ripe.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to plead "a short and plain statement of the claim showing that the pleader is entitled to relief"; it does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a formulaic recitation of the elements of a cause of action will not do," a complaint satisfies Rule 8(a)(2) if it "give[s] the defendant fair notice of what [the plaintiff's] claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a complaint is challenged under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations and disregards unsupported conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (citation omitted).

### III. ANALYSIS

To plead an FDCPA claim, a plaintiff must allege facts showing: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *See Deutsche Bank Nat'l Trust Co. v. Foxx*, 971 F. Supp. 2d. 1106, 1114 (M.D. Fla. 2013); *see also* 15 U.S.C. § 1692e. Defendant only disputes the last element, whether Plaintiff alleged Defendant engaged in an act prohibited by the FDCPA. (*See* Doc. 21.) Plaintiff counters the Letter's multiple addresses and format overshadowing its validation notice are violations of the FDCPA. (*See* Doc. 22.) Let's address each.

#### A. Multiple Addresses

The Letter, indisputably, has multiple addresses printed on it. (Doc. 1-1.) Plaintiff argues this violates 15 U.S.C. §§ 1692g(b), 1692e, and 1692e(10) of the FDCPA because it is false, deceptive, or misleading. (*See* Doc. 22, pp. 8–14.) Defendant says the multiple addresses are not misleading. (Doc. 21, pp. 6–10.) At this preliminary stage, the Court agrees with Plaintiff.

15 U.S.C. § 1692g(b) prohibits collection communication from being overshadowed or inconsistent with the disclosure of the consumer's right to dispute the debt. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation to collect any debt. Plaintiff argues the Letter's multiple addresses confuse the consumer as to which address to send written disputes or

3

payments. (Doc. 1, ¶¶ 28–105.) Courts view debt collection communications from the perspective of the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). The "least sophisticated consumer" possesses a "rudimentary amount of information about the world" but is subject to some objective standard, preventing "liability for bizarre or idiosyncratic interpretations of collection notices." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

Defendant insists under the least sophisticated consumer standard, the Letter is not confusing because it obviously directs the consumer to send all correspondence to the address in Manchester which is in the position to be visible through the window of a return envelope and includes Defendant's full name above it. (Doc. 21, pp. 6–7.) Plaintiff counters the Letter's instruction to send communications to the "below address," when there are two addresses below, and the Letter's further instructions to send communications to "this office" would confuse the least sophisticated consumer as to which of the three addresses in the Letter to send communications to. (Doc. 22, pp. 8–9.)

Defendant's name is listed above two of the addresses which could cause confusion as to which address "this office" refers. *C.f. Saraci v. Convergent Outsourcing, Inc.*, No. 18-CV-6505 (BMC), 2019 WL 1062098, at *3 (E.D. N.Y. Mar. 6, 2019). Defendant didn't explicitly state which address was appropriate in the Letter. *Cf. Park v. Forster & Garbus, LLP*, No. 19-CV-3621 (ARR) (ST), 2019 WL 5895703, *4 (E.D. N.Y. Nov. 12, 2019) (finding the collection letter was not misleading where the plaintiff was "explicitly advised that both correspondence responsive to the validation notice and payment

should be sent to the same address"). Plaintiff has alleged a plausible claim under the FDCPA that the multiple addresses, without clear direction as to where to direct correspondence, could mislead the least sophisticated consumer. *See Pinyuk v. CBE Grp., Inc.*, No. 17 CV 5753 (RRM) (CLP), 2019 WL 1900985, *7 (E.D. N.Y. Apr. 29, 2019) (finding the plaintiff alleged a plausible FDCPA claim where the collection letter had "three different addresses and it [was] unclear which one the defendant [was] urging the consumer to contact").

### B.   The Validation Notice

In contrast to the multiple addresses, the Letter's validation notice is clear. Plaintiff does not dispute that the validation notice contains all the statutorily required information. (Doc. 1, ¶¶ 106–55); *see also* 15 U.S.C. § 1692g(a). Rather, Plaintiff argues the format of the Letter buries the validation notice, so the least sophisticated consumer would be discouraged from reading it. (Doc. 1, ¶¶ 106–55.) Defendant says the validation notice was communicated clearly and nothing in the Letter's format distracts the least sophisticated consumer from reading her rights. (Doc. 22, pp. 14–18.) The Court agrees with Defendant.

The Letter, in its relevant portion, is copied below.



(Doc. 1-1.) The validation notice is the paragraph beginning with "Unless" and ending with "creditor." (*Id.*) Plaintiff alleges the validation notice was overshadowed because: (1) the validation notice is buried within the text with the same font, size, style, and color as the rest of the Letter; (2) "This communication is from a debt collector" is bolded and center aligned diverting attention away from the validation notice; (3) "PAY THIS AMOUNT" is capitalized and bolded drawing attention away from the validation notice; and (4) there is no transitionary language directing the consumer's attention to the validation notice. (Doc. 1, ¶¶ 119–29.)

6

The Eleventh Circuit has not said what constitutes overshadowing under 15 U.S.C. § 1692g(b). *Berkseth v. Continental Central Credit., Inc.*, 119 F. Supp. 3d 1316, 1320 (M.D. Fla. 2015). But generally where "the validation notice is the same size, font, and color typeface as the other paragraphs, the Plaintiffs must point to some structural or formatting elements of the collection letter that overshadows the disclosure of Plaintiff's rights." *Id.* at 1321; *see also Huyghue v. Shafritz and Asssociates, P.A.*, No. 5:18-cv-29-Oc-30PRL, 2018 WL 7457827, at *5 (M.D. Fla. Apr. 12, 2018). Overshadowing occurs where the least sophisticated consumer would be uncertain as to her rights. *Huyghue*, 2018 WL 7457827, at *4 (citation omitted).

Plaintiff's argument that Defendant has "buried" the validation notice because it used a consistent font is inapposite to the case law. (*See* Doc. 1, ¶¶ 119–20); *see Berkseth*, 119 F. Supp. 3d at 1321.[1] Consistent font makes the validation notice as easy to read as the rest of the Letter.

Plaintiff points to the bolded "PAY THIS AMOUNT" and debt collector communication language as another source of overshadowing. This is insufficient. Where the validation notice is readable, like here, and not relegated "to fine or otherwise hard-to-read print" a demand for payment does not overshadow the notice. *Huyghue*, 2018 WL 7457827, at *4 (quoting *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 104 (1st Cir.

---

[1] *See also Wilson v. Quadramed Corp.*, 255 F.3d 350, 356 (3d Cir. 2000); *Huyghue*, 2018 WL 7457827, at *4; *Campbell v. Palisdades Acquistion, XVI, LLC*, No. 09-20998-CIV-UNGARO, 2009 WL 10701616, at *3 (S.D. Fla. June 18, 2009); *Erekson v. Clarkson & Hale, LLC*, No. 3:18-cv-0032-CMC, 2018 WL 4220603, at *9 (D.S.C. Sept. 5, 2018).

2014)). Asking a consumer to pay an alleged debt does not violate the FDCPA. *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 417 (7th Cir. 2005); *Campbell*, 2009 WL 10701616, at *3. The Letter does not contradict the validation notice by requiring immediate or prompt action. *C.f. Grossman v. Smith*, No. 1:13-cv-01416-WBH-GGB, 2014 WL 12860364, at *6 (N.D. Ga. Aug. 21, 2014) (finding a communication misleading where it demanded payment in ten days, contradicting the validation notice).[2] And the Court fails to see how identifying the Letter as coming from a debt collector would confuse the least sophisticated consumer as to her rights. *See Huyghue*, 2018 WL 7457827, at *4.

Plaintiff also argues the Letter should have contained transitionary language, highlighting the validation notice. (Doc. 1, ¶¶ 127–29.) This is unnecessary where the validation notice is on the front page and not contradicted by any other language in the Letter. *See Park v. Forster & Garbus, LLP*, No.19-cv-3621 (ARR) (ST), 2019 WL 5895703, at *6 (E.D. N.Y. Nov. 12, 2019) (granting motion to dismiss where validation notice was "conspicuously and prominently placed in the second paragraph of the collection letter"); *c.f. Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) (requiring transitionary language to validation notice where debt collector demanded immediate payment).

The validation notice here is front and center and in a readable font. (*See* Doc. 1-1). Nothing in the Letter contradicts or overshadows the notice to the point of confusing the least sophisticated consumer as to her rights. *See Huyghue*, 2018 WL 7457827, at *4.

---

[2] *See also McCray v. Deitsch and Wright, P.A.*, 343 F. Supp. 3d 1209, 1217 (M.D. Fla. 2018); *Schimmel v. Slaughter*, 975 F. Supp. 1357, 1363 (M.D. Ga. 1997).

8

Plaintiff cannot point to a single case where a readable validation notice was overshadowed by a non-urgent demand for payment. (*See* Doc. 22, pp. 14–18.) Plaintiff has failed to state a claim for violating the FDCPA based on overshadowing of the validation notice.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** :

1. Defendant's Motion to Dismiss (Doc. 21) is **GRANTED IN PART AND DENIED IN PART**:

    a. Count III of Plaintiff's Complaint (Doc. 1, ¶¶ 106–55) is **DISMISSED WITH PREJUDICE**.

    b. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 7, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record